IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRIAN K. HILL and YVONETTE A. HILL, | : : : | Civil Action No. 1:05-CV-1148 |
| Plaintiffs | : : | Adv. No. 1-03-329A |
| v. | : : | (Judge Kane) |
| TAMMAC CORPORATION, Defendant | : : : | |

**MEMORANDUM AND ORDER**

**I.   Introduction**

Pending before the Court are proposed findings of fact and conclusions of law that have been submitted by the United States Bankruptcy Court for the Middle District of Pennsylvania for entry of final judgment in the above-captioned adversary proceeding pursuant to 28 U.S.C. § 157(c)(1).  (Doc. No. 1.)  Neither party has filed objections to any portion of the Bankruptcy Court's proposed findings or conclusions.

**II.   Discussion**

In the underlying adversary proceeding, Brian K. Hill and Yvonette A. Hill ("Debtors") claimed that Defendant Tammac Corporation violated Pennsylvania usery laws with respect to a promissory note executed on October 21, 1999 in which Debtors agreed to pay $36,797.50 to Tammac over 25 years at a rate of 15% interest (the "Note").  Debtors commenced the underlying adversary proceeding seeking to recover interest charges paid on the Note in excess of the amount allowable under 41 P.S. § 301 et seq., and further seeking to treble the damages pursuant to 41 P.S. § 502.  Tammac's sole defense to Debtors' claims was that with respect to the Note given in 1999, Tammac was exempted

from Pennsylvania usery law pursuant to three separate federal statutes that Tammac argued preempted state law. Specifically, Tammac argued that provisions of the Federal Depository Institution Deregulation and Monetary Control Act of 1980, 12 U.S.C. § 1735f-7a, the National Housing Act, 12 U.S.C. § 1735f-5b, and the Truth in Lending Simplification and Reform Act, as amended, 15 U.S.C. § 1602(f), preempted state usery laws with respect to the Note. Following an evidentiary hearing, the Bankruptcy Court found that Tammac failed to demonstrate that it made a sufficient amount of real estate-related loans in 1999 to qualify as a creditor entitled to exception from Pennsylvania usery law pursuant to the federal statutes cited above. Accordingly, the Bankruptcy Court found that Tammac was subject to state usery laws at the time the Note was executed and the loan to the Debtors originated, and further found that the interest rate charged by Tammac under the Note exceeded the rate allowed by state law. On the basis of these findings, the Bankruptcy Court recommended that the Court enter judgment in favor of Debtors and assess damages against Tammac in the amount of $19,154.40.

      Section 157(c)(1) of the Title 28 of the United States Code provides as follows:

> A bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11. In such proceeding, the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected.

28 U.S.C. § 157(c)(1).

      The Court has carefully reviewed the Bankruptcy Court's findings in the underlying adversary proceeding, and has conducted a de novo review of the law relevant to disposition of Debtors' claims

and Tammac's preemption defense.  Neither party filed any timely objections to the Bankruptcy Court's proposed findings and conclusions of law.  Upon review, the Court adopts <u>in toto</u> the Bankruptcy Court's proposed findings of fact and conclusions of law and final judgment shall accordingly be entered in favor of Debtors.

**III.    Order**

WHEREFORE, for the reasons set forth above, **IT IS HEREBY ORDERED THAT** the Court adopts the Bankruptcy Court's proposed findings of fact and conclusions of law (Doc. No. 1) in full.  **IT IS FURTHER ORDERED THAT** judgment is hereby entered in favor of Debtors and against Defendant Tammac.  **IT IS FURTHER ORDERED THAT** Defendant Tammac shall pay to Debtors damages in the amount of $19,154.40.  The Clerk of Court shall close the file.

    S/ Yvette Kane
Yvette Kane
United States District Judge

Dated:  November 4, 2005