# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRIAN K. HILL and YVONETTE A. HILL, | : | Civil Action No. 1:05-CV-1148 |
| Plaintiffs | : | Adv. No. 1-03-329A |
| v. | : | (Judge Kane) |
| TAMMAC CORPORATION, Defendant | : | |

## MEMORANDUM

THE BACKGROUND TO THIS ORDER IS AS FOLLOWS:

In the underlying above-captioned adversary proceeding, Brian K. Hill and Yvonette A. Hill ("Debtors") claimed that Defendant Tammac Corporation violated Pennsylvania usury laws with respect to a promissory note executed on October 21, 1999 in which Debtors agreed to pay $36,797.50 to Tammac over 25 years at a rate of 15% interest (the "Note"). Debtors commenced the underlying adversary proceeding in connection with their Chapter 13 bankruptcy proceedings seeking to recover interest charges paid on the Note in excess of the amount allowable under 41 P.S. § 301 et seq., and further seeking to treble the damages pursuant to 41 P.S. § 502. Tammac's sole defense to Debtors' claims was that with respect to the Note given in 1999, Tammac was exempted from Pennsylvania usery law pursuant to three separate federal statutes that Tammac argued preempted state law. Specifically, Tammac argued that provisions of the Federal Depository Institution Deregulation and Monetary Control Act of 1980, 12 U.S.C. § 1735f-7a, the National Housing Act, 12 U.S.C. § 1735f-5b, and the Truth in Lending Simplification and Reform Act, as amended, 15 U.S.C. § 1602(f) (collectively, the "Federal Lending Statutes"), preempted state usury laws with respect to the Note. Following an evidentiary hearing, the Bankruptcy Court found that Tammac failed to demonstrate that it made

a sufficient amount of real estate-related loans in 1999 to qualify as a creditor entitled to exemption from Pennsylvania usury law pursuant to the Federal Lending Statutes cited above. Accordingly, the Bankruptcy Court found that Tammac was subject to state usury laws at the time the Note was executed and the loan to the Debtors originated, and further found that the interest rate charged by Tammac under the Note exceeded the rate allowed by state law.  On the basis of these findings, the Bankruptcy Court recommended that the Court enter judgment in favor of Debtors and assess damages against Tammac in the amount of $19,154.40.

Defendant failed to file any timely objections to the Bankruptcy Court's proposed findings of fact and conclusions of law.  On November 4, 2005, this Court entered an Order adopting the proposed findings of fact and conclusions of law that were submitted by the Bankruptcy Court for entry of final judgment.  (Doc. No. 7.)

On November 14, 2005, Defendant filed a Motion for Reconsideration that is presently before this Court for disposition.  (Doc. No. 7.)  As a basis therefor, Defendant noted that in June 2005, it received electronic notice that three documents had been filed with this Court: (1) a motion to withdraw the reference, which included the Bankruptcy Court's advisory opinion and certificate of mailing (Doc. No. 1); (2) another document entitled "motion to withdraw the reference," which included a number of pleadings from the above-captioned adversary proceeding; and (3) the transcript from the trial held in the adversary proceeding.  Defendant maintains that it did not recognize that the filing of the foregoing documents with this Court triggered an obligation to submit timely objections to the Bankruptcy Court's proposed findings of fact and conclusions of law, but rather expected that this Court would either enter orders granting the motion to withdraw the reference or enter a scheduling order.  Tammac insists that it

was its intention to submit objections with this Court upon the entry of a scheduling order.

Additionally, Tammac notes that during argument before the Bankruptcy Court, Bankruptcy Judge France commented from the bench that although she was denying Tammac's motion for reconsideration brought before that court, it appeared that Tammac would prevail on its argument before this Court because it had produced sufficient evidence that was previously unavailable to the Bankruptcy Court to demonstrate that it was exempted from Pennsylvania usury laws pursuant to the Federal Lending Statutes. As a result, Tammac states that it expected that this Court would review de novo the uncontested additional evidence it submitted in support of its defense that demonstrate that Tammac made residential real estate loans aggregating more than $1,000,000 in 1999.

Plaintiffs have not filed a brief in opposition or any other pleading in response to Tammac's motion for reconsideration. For the reasons stated briefly below, Tammac's motion for reconsideration will be granted, this Court's prior Order adopting the Bankruptcy Court's proposed findings of fact and conclusions of law will be vacated, and judgment will be entered in favor of Tammac on Plaintiff's claims.

**I.     Standard of Review**

A motion for reconsideration constitutes a motion under Rule 9023 of the Federal Rules of Bankruptcy Procedure. Prudential Ins. Co. v. Farley (In re Farley), 158 B.R. 48, 52 (E.D. Pa. 1993). Bankruptcy Rule 9023 provides that "Rule 59 [of the Federal Rules of Civil Procedure] applies in cases under the Code, except as provided in Rule 3008." Fed. R. Bankr. P. 9023. Rule 59 of the Federal Rules of Civil Procedure provides in pertinent part as follows:

> A new trial may be granted to . . . all or part of the issues . . . (2) in an action tried without a jury, for any of the reasons for which rehearings

> have heretofore been granted in suits in equity in the courts of the
> United States. On a motion for a new trial in an action tried without
> a jury, the court may open the judgment if one has been entered, take
> additional testimony, amend findings of fact and conclusions of law
> or make new findings and conclusions, and direct entry of a new
> judgment.

Fed. R. Civ. P. 59(a).

A motion for reconsideration is governed by Federal Rule 59(e), which allows a party to move to alter or amend a judgment within ten days of its entry.[1] McDowell Oil Serv., Inc. v. Interstate Fire & Cas. Co., 817 F. Supp. 538, 541 (M.D. Pa. 1993). The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court entered judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Cafe by Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). "'A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to

---

[1] Tammac styled its motion as a "Motion for Reconsideration," although it argues for both reconsideration of the judgment and, alternatively, for a new trial under Rule 59(a). When a party files a motion for reconsideration without further specification, the court will examine the motion as a Rule 59(e) motion. See Amatangelo v. Borough of Donora, 212 F.3d 776, 779-80 (3d Cir. 2000); Fed. Kemper Ins. Co. v. Rauscher, 807 F.2d 345, 348 (3d Cir. 1986) ("We view a motion characterized only as a motion for reconsideration as the 'functional equivalent' of a Rule 59(e) motion to alter or amend a judgment."). In this case, the Court finds it appropriate to consider the motion as one seeking reconsideration in the first instance.

relitigate a point of disagreement between the Court and the litigant.'" Ogden v. Keystone Residence, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002) (quoting Abu-Jamal v. Horn, 2001 U.S. Dist. LEXIS 20813, No. 99-5089, 2001 WL 1609761, at *9 (E.D. Pa. Dec. 18, 2001) (citations and internal quotation marks omitted)). Likewise, reconsideration motions may not be used to raise new arguments or present evidence that could have been raised prior to the entry of judgment. McDowell Oil Serv. Inc., 817 F. Supp. at 541. Finally, reconsideration of judgment is an extraordinary remedy, and such motions should be granted sparingly. D'Angio v. Borough of Nescopeck, 56 F. Supp. 2d 502, 504 (M.D. Pa. 1999).

**II.     Discussion**

In this case, Tammac argues that reconsideration is proper due to decisive evidence that was unavailable to the Bankruptcy Court during trial, and of which this Court was unaware. Additionally, Tammac's motion suggests that to permit Debtors to prevail on their adversary claim would be manifestly unjust, because the newly-submitted evidence leaves no doubt that the state usury laws upon which they premised their claims have been preempted by federal law as they relate to Tammac's lending practices.

The central evidentiary dispute in this case was whether Tammac made real estate loans in excess of $1,000,000 during each of the years between 1999 and 2003. If Tammac made real estate loans in excess of this threshold figure, the lender would be subject to the Federal Lending Statutes cited above and would be exempt from Pennsylvania's usury laws and would necessarily prevail in the adversary proceeding.

Because of the size of Tammac's lending practice, it did not believe that whether it met that threshold would be a serious evidentiary issue before the Bankruptcy Court. Tammac

produced uncontroverted evidence before the Bankruptcy Court that from April 1, 2003 to March 31, 2004, it made loans totaling $123,425,639.12, of which more than $39,000,000 were real estate loans.  Tammac also produced evidence that in 1999, it made loans totaling more than $87,000,000 for both real estate and non-real estate loans.  Nevertheless, the Bankruptcy Court concluded that it could not find as a matter of law that Tammac made real estate loans in excess of $1,000,000 in 1999 because Tammac was unable to provide a specific breakdown of the loans made in that year.

Tammac explains that it endeavored to provide a specific breakdown between loans it issued that were secured by mortgages on land and loans secured only be security interests on mobile homes, such as the loan issued to Debtors.  Tammac represents that the company did not formally maintain such a breakdown on a single report, thus requiring that Tammac compile a spreadsheet from its records demonstrating that it made the requisite quantity of loans solely for the purpose of defending itself in the adversary proceeding.  Tammac represents that this task was relatively simple for the loans made from 2002 forward, but was a much more difficult for loans made in 1999, before Tammac began using its current computer system.  Tammac further represents that it "did not have the resources" to devote to generating a report solely for the purposes of defending itself in the adversary proceeding, and that it "had no reason to believe that whether it met the $1,000,000.00 threshold would credibly be at issue." (Doc. No. 8.)  Nevertheless, after the trial held before the Bankruptcy Court, Tammac was able to generate such a report, the results of which are set forth in the affidavit of Jeffrey A. Goodrich, Tammac's collection supervisor.  (Doc. No. 2, Ex. 9, Affidavit of Jeffrey A. Goodrich.)  As set forth in Mr. Goodrich's affidavit, Tammac made 415 loans in 1999 that were secured by real estate, and the

value of these loans was in excess of $28,000,000.  It appears that this information was made available to the Bankruptcy Court in connection with a motion for reconsideration made before that court, but that the Bankruptcy Court declined to consider the new evidence, believing that the evidence would be considered by this Court.

The Court is satisfied that Tammac has demonstrated that the evidence of its real estate-related loans was not available at the time of trial before the Bankruptcy Court, and that Tammac timely endeavored to make such evidence available to the Bankruptcy Court for reconsideration.  After some consideration, the Court also finds excusable Tammac's failure to specifically object to the Bankruptcy Court's proposed findings of fact and conclusions of law because it believed with some justification that this Court would consider the newly-available evidence prior to entering judgment in this case.  Even if the Court were to question Tammac's representation that it was without sufficient resources to compile the necessary evidence timely in connection with the adversary proceeding, the Court finds that it would be manifestly unjust for Debtors to prevail on their usury claims where it is beyond question that Tammac made the requisite amount of real estate loans during each of the years at issue to qualify as exempt from Pennsylvania usury laws pursuant to the Federal Lending Statutes.  The uncontroverted evidence establishes that Tammac's loan to Debtors is subject to the Federal Lending Statutes, which preempt Pennsylvania's usury laws.  Debtors have neither responded to nor opposed Tammac's motion for reconsideration, nor the evidence upon which it is predicated.  For all of the foregoing reasons, the Court finds that its Order of November 4, 2005 must be vacated and judgment entered in favor of Tammac.  An appropriate Order follows.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

**BRIAN K. HILL and**                            :            Civil Action No. 1:05-CV-1148

| | | |
|---|---|---|
| **YVONETTE A. HILL,** | : | |
| **Plaintiffs** | : | **Adv. No. 1-03-329A** |
| | : | |
| v. | : | **(Judge Kane)** |
| | : | |
| **TAMMAC CORPORATION,** | : | |
| **Defendant** | : | |

**ORDER**

And now, this 3rd day of March 2006, for the reasons set forth in the within memorandum, **IT IS HEREBY ORDERED THAT** Defendant's Motion for Reconsideration (Doc. No. 7) is **GRANTED**.

**IT IS FURTHER ORDERED THAT** this Court's Order dated November 4, 2005 (Doc. No. 6) is **VACATED**.

**IT IS FURTHER ORDERED THAT** the Clerk of Court is directed to enter Judgment in favor of Defendant and to close the file.

                                                    S/ Yvette Kane
                                                    Yvette Kane
                                                    United States District Judge